[Cite as *Fullmore v. Ohio Dept. of Transp.*, 2010-Ohio-6633.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID W. FULLMORE

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-08021-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, David W. Fullmore, filed this action against defendant, Department of Transportation (ODOT), alleging the tire on his 2000 Pontiac Grand Am was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on the entrance ramp to Interstate 77 South at Wilbeth Road in Summit County. Plaintiff related he turned left "toward the (Interstate 77) ramp and I hit a big pot hole that blew the side of my passenger rear tire out." Plaintiff recalled the described incident occurred on May 23, 2010 at approximately 2:30 p.m. In his complaint, plaintiff requested damages in the amount of $117.37, the total cost of a replacement tire. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} 2) Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Akron and not ODOT bears the maintenance responsibility for the section of Interstate 77 where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated "[d]efendant's investigation indicates

that the location of Plaintiff's incident would be within the municipal boundary of the City of Akron (See Exhibit A and Map)." ODOT further stated, "[a]s such this section of roadway is not within the maintenance jurisdiction of the defendant." Consequently, defendant contended the City of Akron is the proper party defendant to plaintiff's action. The site of the damage-causing incident was located in the City of Akron.

**{¶ 3}** 3)    Plaintiff did not respond.

CONCLUSIONS OF LAW

**{¶ 4}** 1)    R.C. 2743.01(A) provides:

**{¶ 5}** "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

**{¶ 6}** 2)    R.C. 2743.02(A)(1) states in pertinent part:

**{¶ 7}** "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. to the extent that the state has previously consented to be sued, this chapter has no applicability."

**{¶ 8}** 3)    R.C. 5501.31 in pertinent part states:

**{¶ 9}** "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

**{¶ 10}** The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID W. FULLMORE

     Plaintiff

     v.

OHIO DEPT. OF TRA.

     Defendant

     Case No. 2010-08021-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


                                _____
                                  DANIEL R. BORCHERT
                                  Deputy Clerk


Entry cc:


David W. Fullmore                    Jolene M. Molitoris, Director
540 Princeton Avenue              Department of Transportation
Barberton, Ohio  44203            1980 West Broad Street
                                  Columbus, Ohio  43223

RDK/laa
10/1

Filed 10/12/10
Sent to S.C. reporter 1/21/11